## Case No. 1,312.

### In re BENNETT et al.

[8 Ben. 561.] [1]

District Court, E. D. New York. Nov. Term, 1876.

BANKRUPTCY — COMPOSITION PROCEEDINGS — ASSENT OF CREDITOR PROCURED BY EXTRA PERCENTAGE—KNOWLEDGE BY BANKRUPT—REFUSAL TO CONFIRM THE COMPOSITION.

1. Where an offer of money was made by the bookkeeper of the bankrupt, but without his actual knowledge, to induce a creditor to assent to a proposal for composition, who nevertheless refused to assent, and a payment of money to another creditor, who did assent, was shown, made also by the bookkeeper, and of which no explanation was given but the bare denial by the bookkeeper that it had any relation to the matter of composition: Held, that the evidence was sufficient to warrant the inference that unfair advantage had been offered to induce some of the creditors to assent to the composition, and that the whole proceeding was thereby vitiated, and the composition must fail.

2. That, the bookkeeper being the person actually employed to obtain the assent of creditors, the bankrupt was chargeable with what he did in the matter, without having actual knowledge thereof.

3. That it made no difference, that the offer made was refused and that the requisite proportion of the creditors had signed without counting the debt of the one to whom the payment was made.

[In bankruptcy. Motion by Bennett & Smith to approve a composition with their creditors. Denied.]

BENEDICT, District Judge. In this proceeding the composition proposed by the bankrupts, to pay 35 per cent. has been accepted by the requisite proportion of creditors, but the application to have it approved

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

and recorded is opposed by one of the creditors upon the ground that an advantage has been given or offered to some creditors over others, in order to procure an assent to the composition.

It appears in proof that one Hotchkiss, a bookkeeper of the bankrupts and then employed in procuring the assent of the creditors to the composition, offered to one creditor named Chichester, $125 in addition to the 35 per cent proposed in the composition, if he would assent to the composition, and at the same time told him that he had obtained the assent of a creditor named Peak, by the payment of $100, to his attorney Hatch. Hotchkiss denies that he made such an offer as described by Chichester, but it is plain from his evidence that, at the least, he gave Chichester to understand that an extra percentage would be given. provided he would assent to the composition.

Hotchkiss also admits that he paid Hatch $100, at about the time Hatch signed the composition. He denies that this payment had any relation to the composition, but furnishes no explanation of the payment. Hatch signed the composition as attorney for his partner Peak, who was a creditor and proved a debt of $2,479 12-100 and assented to the composition when he was no creditor at all.

Peak and Hatch were partners in the "law and collecting business." Two. notes of the bankrupts when past due had been placed in the hands of this firm for collection, by one Berry. After the notes had been in their hands about a month, Peak, one of the firm. proved in this proceeding a debt of the amount of the notes, setting forth copies of the notes and stating that they had been handed over to him by the bankrupts for value and before maturity. Thereafter Hatch, the other partner, as the attorney of Peak, signed the composition and received about that time from Hotchkiss, the bookkeeper of the bankrupts, $100 in cash. This proof and the absence of explanation warrants the inference that a secret advantage has been given to some of these creditors over others, in order to procure their assent to this composition or to ward off opposition, and vitiates the whole proceeding. It is of the essence of a composition that all the creditors be treated alike. When it appears that any creditor has been induced to assent to a composition by the offer of a sum in addition to the amount fixed by the composition to be paid to all the creditors, justice requires that the composition should fail.

In the present case it does not appear affirmatively that the bankrupts knew of the offer made to Chichester or of the payment made to Peak & Hatch. Hotchkiss says he was directed by the bankrupts not to make any such offer or payment. But it is admitted that Hotchkiss was the bookkeeper of the bankrupts, engaged in procuring the assent of the creditors to this composition, and the offer and payment made by him was

plainly for the benefit of the bankrupts. It is not necessary that actual knowledge of his acts be brought home to the bankrupts. I agree with the doctrine declared by Judge Lowell, in Re Sawyer, [Case No. 12,395,] that, if a creditor is induced to vote or sign by any unfair·means, whether known to the debtor or not, his vote so influenced operates as a fraud on the other creditors, or makes the composition voidable by any of them, from the nature of the case.

In this instance Chichester, to whom the offer of $125 was made, refused to assent to the composition, and the statutory proportion of the creditors have signed without counting the debt proved by Peak. But the fact remains, that Peak, claiming to be a creditor and having proved a debt as such, has signed the consent to accept the composition by his partner Hatch, upon the payment of $100. This fact taints the whole and compels the rejection of the composition.

The motion to record the composition is therefore denied.